UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  CASE NO: 8:18-cr-245-CEH-CPT

CRISTHIAN JAVIER CONFORME
LOPEZ
_____/

**ORDER**

This matter comes before the Court upon Defendant's *pro se* Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A) for Extraordinary and Compelling Reasons (Doc. 149), filed on May 3, 2021. In the motion, Defendant argues that extraordinary and compelling reasons exist to support his request for a reduction in sentence. The Government filed a response in opposition. Doc. 156. The Court, having considered the motion and being fully advised in the premises, will deny Defendant's Motion for Compassionate Release.

**I.    BACKGROUND**

Defendant, Cristhian Javier Conforme Lopez, pleaded guilty to Count One of the Indictment charging him with conspiracy to possess with intent to distribute and to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States. Docs. 51, 55. Defendant was sentenced to 135 months' imprisonment and five years of supervised release. Doc. 112. Defendant, who

is currently 37 years of age, is incarcerated at McRae Correctional Institution[1] in McRae Helena, Georgia and is scheduled to be released on January 15, 2028. *See* Bureau of Prison ("BOP") Inmate Locator at https://www.bop.gov/inmateloc/ (last accessed Dec. 9, 2021).

### A. Defendant's Motion

On May 3, 2021, Defendant filed his Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A), claiming his medical conditions coupled with the dangers of the COVID-19 pandemic warrant a reduction in his sentence. Specifically, he alleges he suffers from hypertension, high blood pressure, stomach gastritis, and migraines. Doc. 149 at 6. Additionally, he contends he suffers from lung issues and blurry vision due to having contracted COVID-19. He claims he is at increased risk of reinfection, and he urges his release to avoid fatal consequences.

### B. Government's response

The Government argues the motion should be denied because Defendant fails to demonstrate that extraordinary and compelling reasons exist to support Defendant's compassionate release. The Government contends that Defendant's BOP records reflect he received both doses of the Moderna vaccine in 2021. Additionally, his medical records reflect that while he has been diagnosed with hypertension, he is being monitored for this condition and receiving treatment with medication. Doc. 156 at 3.

## II. LEGAL STANDARD

---

[1] According to the BOP website, McRae CI currently has zero inmates positive for COVID-19. *See* https://www.bop.gov/coronavirus/ (last accessed Dec. 9, 2021).

Pursuant to 18 U.S.C. § 3582(b), a judgment of conviction that includes a sentence of imprisonment "constitutes a final judgment and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (internal quotations omitted). Those limited circumstances are provided under 18 U.S.C. § 3582(c)(1)(A)(i). Effective December 21, 2018, the First Step Act of 2018 amended section 3582(c)(1)(A) by adding a provision that allows prisoners to directly petition a district court for compassionate release. That provision states:

> The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
>> (A) the court, upon motion of the Director of the Bureau of Prisons, *or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier*, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>>
>>> (i) extraordinary and compelling reasons warrant such a reduction; or
>>>
>>> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);

>and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and
>
>(B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure. . . .

18 U.S.C. § 3582(c)(1) (italics reflecting amendment under First Step Act). Accordingly, a court may reduce a sentence upon motion of a defendant provided that: (1) the inmate has either exhausted his or her administrative appeal rights of the BOP's failure to bring such a motion on the inmate's behalf or has waited until 30 days after the applicable warden has received such a request; (2) the inmate has established "extraordinary and compelling reasons" for the requested sentence reduction; and (3) the reduction is consistent with the Sentencing Commission's policy statement. *See id.* Courts are to consider the § 3553(a) factors, as applicable, as part of the analysis.[2] *See* §3582(c)(1)(A).

    The defendant generally bears the burden of establishing that compassionate release is warranted. *See United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013) (providing that defendant bears the burden of establishing a reduction of sentence is

---

[2] These factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines; (5) any pertinent policy statement issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

warranted under § 3582(c) due to a retroactive guideline amendment); *United States v. Heromin*, Case No. 8:11-cr-550-VMC-SPF, 2019 WL 2411311, at *2 (M.D. Fla. June 7, 2019) (citing *Hamilton* in the context of a § 3582(c) motion for compassionate release).

### III.  DISCUSSION

#### A.  Administrative Exhaustion

Defendant submitted a request for compassionate release to the warden of his facility on September 16, 2020, and the warden denied the request on February 10, 2021. The Court finds that Defendant has exhausted his administrative remedies, and the Government does not argue to the contrary. The Court turns to the merits of Defendant's claim.

#### B.  Extraordinary and Compelling Reason

Even though Defendant satisfied administrative exhaustion, Defendant's motion fails because Defendant does not establish that extraordinary and compelling reasons exist to support a reduction in his sentence. The sentencing guidelines provide that "extraordinary and compelling reasons exist" for compassionate release when a defendant meets any one of several circumstances. Section 1B1.13 identifies four categories in which extraordinary and compelling circumstances may exist: (1) the defendant's medical condition; (2) the defendant's advanced age (at least 65 years old); (3) family circumstances; and (4) other reasons. *See* U.S.S.G. § 1B1.13, cmt. n. 1(A)-

(D). When a defendant meets any one of the categories, the Court may grant compassionate release. *See id.*

Relevant here, a defendant's medical condition may provide an extraordinary and compelling reason to support a reduction in sentence when the defendant is: (1) suffering from a terminal illness, i.e., a serious and advanced illness with an end of life trajectory; or (2) suffering from a serious physical or medical condition that substantially diminishes his ability to care for himself within the prison environment and from which he is not expected to recover. U.S.S.G. § 1B1.13, cmt. n. 1(A).

Stable, controlled medical conditions do not meet the requirements of U.S.S.G. § 1B1.13 as an extraordinary and compelling reason for a prisoner's compassionate release. *See United States v. Wedgeworth*, 837 F. App'x 738 at *739–40 (11th Cir. 2020) (affirming lower court's finding of no extraordinary and compelling reason for a defendant suffering from obesity and chronic hypertension because those conditions were not terminal and did not substantially limit the prisoner's ability for self-care).

Defendant provides no medical records in support of his claim. Nor does Defendant demonstrate he is unable to care for himself in the prison environment. The Government has provided copies of Defendant's BOP records. Doc. 156-3. Review of these records reveals that Defendant's conditions are relatively stable, and he is being monitored and treated for his conditions. Thus, nothing about Defendant's medical conditions support a finding of compelling and extraordinary reasons to warrant a reduction in sentence.

Defendant claims the COVID-19 pandemic coupled with his medical conditions establishes "other reasons" supporting release. The fourth factor, which has been described as a catch-all provision, provides that, "[a]s determined by the Director of the [BOP], there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." U.S.S.G. § 1B1.13, cmt. n. 1(D). As a preliminary matter, the Court notes that "the mere existence of COVID-19 and the possibility it may spread to a particular prison" is not an extraordinary and compelling reason for compassionate release. *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020).

In accordance with the Eleventh Circuit's opinion in *United States v. Bryant*, 996 F.3d 1243 (11th Cir. 2021), this Court declines to find that the pandemic, coupled with health conditions, constitute an extraordinary and compelling reason under the catchall "other" reasons category. *Id.* at 1263–65 (holding that the language "[a]s determined by the Director of Bureau of Prisons" contained within the catch-all provision precludes district courts from finding extraordinary and compelling reasons beyond those specified by the Sentencing Commission in Section 1B1.13). The Eleventh Circuit recently reiterated, "that district courts are bound by U.S.S.G. § 1B1.13 when granting compassionate release and that only the Bureau of Prisons can expand the extraordinary and compelling reasons under the catch-all provision." *United States v. Giron*, 15 F.4th 1343, 1350 (11th Cir. 2021).

**C.    Section 3553(a) Factors**

"When denying a request for compassionate release, a district court need not analyze the § 3553(a) factors if it finds either that no extraordinary and compelling reason exists or that the defendant is a danger to the public." *United States v. Giron*, 15 F.4th 1343, 1347 (11th Cir. 2021). The Court finds above that no extraordinary and compelling reason exists to support a reduction in sentence, and thus, an analysis of the § 3553(a) factors is not warranted. But, even considering the § 3553(a) factors, they do not weigh in favor of a reduction in sentence given the quantity of drugs involved in the offense and the fact that Defendant has served only a fraction of his sentence.

Accordingly, it is hereby

**ORDERED**:

1. Defendant's Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A) for Extraordinary and Compelling Reasons (Doc. 149) is DENIED.

**DONE AND ORDERED** in Tampa, Florida on December 9, 2021.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record
Unrepresented Parties